## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ALTRISHA GRAHAM,

    Plaintiff,

v.

RAPID AUTO LOANS, LLC,

    Defendant.

CASE NO. 8:20-cv-02758

**JURY TRIAL DEMANDED**

## COMPLAINT

NOW comes ALTRISHA GRAHAM ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of RAPID AUTO LOANS, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and violations of the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statutes §559.55, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Middle District of Florida and a substantial portion of the events or omissions giving rise to the claims occurred within the Middle District of Florida.

## PARTIES

4. Plaintiff is a consumer over-the-age of 18 residing in Hillsborough, Florida, which is located within the Middle District of Florida.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. Defendant is an auto title loan company whose principal office is located at 911 E. Atlantic Blvd., Suite 101, Pompano Beach, Florida 33060. Defendant issues and services loans to consumers throughout the United States, including in the State of Florida.

7. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. Several years ago, Plaintiff financed the purchase of her personal automobile through Respondent.

10. Due to financial hardship, Plaintiff fell behind on her scheduled payments to Defendant, thus incurring debt ("subject debt").

11. Several months ago, Plaintiff began receiving call to her cellular phone, (386) XXX-8218 from Defendant.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -8218. Plaintiff is and always has been financially responsible for the cellular phone and its services.

13. During the answered calls from Defendant, Plaintiff experienced a noticeable pause, lasting a handful of seconds in length, and has to repeatedly say "hello" before a live representative begins to speak.

14. Defendant has used pre-recorded messages when placing collection calls to Plaintiff's cellular phone.

15. Upon speaking with Defendant, Plaintiff was informed that Defendant was seeking to collect upon the subject debt.

16. Defendant has also sent multiple collection text messages to Plaintiff's cellular phone via an automated system.

17. Plaintiff informed Defendant that she lacked the means to make a payment and demanded that Defendant cease contacting her.

18. Defendant willfully ignored Plaintiff's demands and continued placing phone calls and sending text messages to Plaintiff's cellular phone, thus causing Plaintiff's further emotional distress.

19. Plaintiff has received not less than 50 phone calls from Defendant since demanding that it stop contacting her.

20. Frustrated over Defendant's conduct, Plaintiff spoke with his attorneys regarding her rights, resulting in expenses.

21. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

22. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") *or* pre-recorded messages without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

25. Defendant used pre-recorded messages when placing calls to Plaintiff's cellular phone, thus bringing its phone calls within the ambit of the TCPA.

26. Defendant also used an ATDS when sending text messages to Plaintiff's cellular phone.

27. Defendant violated the TCPA by placing at least 50 phone calls to Plaintiff's cellular phone using pre-recorded messages without her consent. Any consent Plaintiff may have given to Defendant by virtue of incurring the subject debt was explicitly revoked by Plaintiff's demands that it cease contacting him.

28. Furthermore, Defendant violated the TCPA when it sent automated text messages to Plaintiff's cellular phone without her consent.

29. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

30. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, ALTRISHA GRAHAM, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

31. Plaintiff restates and realleges paragraphs 1 through 22 as though fully set forth herein.

32. At all times relevant to this Complaint, Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by Florida Statutes §559.55(8).

33. At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

34. At all times relevant to this Complaint, Defendant was and is a "person" as said term is defined under Florida Statute §1.01(3) and is subject to the provisions of Fla.Stat. §559.27 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined

in Fla. Stat. §559.72 because said provision applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla.Stat. §559.51(1).

35. At all times material hereto, the subject debt is a "consumer debt" as said term is defined under Florida Statute § 559.55(6).

36. Defendant violated sections 559.72(7) of the FCCPA through its unlawful conduct.

    **a. Violations of FCCPA § 559.72(7)**

37. A person violates section 559.72(7) of the FCCPA when it willfully communicates with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

38. Defendant violated section 559.72(7) of the FCCPA when it placed repeated harassing telephone calls and sent collection text messages to Plaintiff after she demanded that it stop contacting her. Instead of abiding by Claimant's wishes, Respondent placed no less than 50 calls and text messages to Claimant's cellular phone after she demanded that it cease contacting her.

WHEREFORE, Plaintiff, ALTRISHA GRAHAM, respectfully requests that this Honorable Court enter judgment in his favor as follows:

  a. Enter judgment in Plaintiff's favor and against Defendant;

  b. Award Plaintiff his actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77

  c. Award Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

  d. Award Plaintiff and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2

  e. Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

    f.  Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

    g.  Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: November 23, 2020                                                 Respectfully Submitted,

/s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
Florida Bar No. 1021163
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
alejandrof@sulaimanlaw.com